UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| **RANDY D. BATES,** | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | No. 1:06cv0295 AS |
| | ) | |
| **STANLEY KNIGHT,** | ) | |
| | ) | |
| Respondent | ) | |

*MEMORANDUM, OPINION AND ORDER*

On or about August 22, 2006, *pro se* petitioner, Randy D. Bates, an inmate at the Miami Correctional Facility in Bunker Hill, Indiana (MCF), filed a petition seeking relief under 28 U.S.C. §2254. The Response filed on behalf of the respondent by the Attorney General of Indiana on December 5, 2006, demonstrates the necessary compliance with *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982). On February 28, 2007, the petitioner filed a reply and motion for further hearings in this court, which will be dealt with here.

The petitioner is a convicted felon serving a sentence imposed by a court in the State of Indiana. At the time of the filing of this petition he was incarcerated in the MCF in this district. This case has been before the Court of Appeals of Indiana twice. On December 28, 2005, an unpublished memorandum decision was entered in the Court of Appeals of Indiana, authored by Judge Baker and concurred in by Judges Friedlander and Vaidik. For the immediate reference of all concerned, the memorandum decision is marked as Appendix "A", attached hereto and incorporated herein. On May 11, 2006, the Supreme Court of Indiana unanimously denied transfer on that opinion.

There is also a November 7, 1997 opinion of the Court of Appeals of Indiana, authored by Judge Darden and concurred in by Judge Hoffman with Judge Chezem writing a concurring and dissenting opinion. The memorandum decision is marked as Appendix "B", attached hereto and incorporated herein. To be sure, the Attorney General has quoted at length from the November 7, 1997 memorandum decision of the Court of Appeals of Indiana in its memorandum filed December 5, 2006. Also highly relevant are the provisions of 28 U.S.C. §2254(e)(1), which creates a rebuttable presumption of correctness which must be rebutted by clear and convincing evidence by this petitioner. This petitioner has failed to sustain that burden.

It needs to be remembered that this review here must focus on violations of the Constitution, treaties and laws of the United States. *See Haas v. Abrahamson*, 910 F.2d 384 (7th Cir. 1990), and *Bell v. Duckworth*, 861 F.2d 169 (7th Cir. 1988), *cert. den.*, 489 U.S. 1088 (1989). The focus is not on violations of state law. *See Estelle v. McGuire*, 502 U.S. 62 (1991). *See also Holman v. Gilmore*, 126 F.3d 876 (7th Cir. 1997).

The principal argument made here by the Attorney General of Indiana has to do with the statute of limitations under 28 U.S.C. §2244(d). This court must once again revisit the applicability of the statute of limitations provisions in the Anti-Terrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2244(d)(1). Incidentally, the Supreme Court has very recently made another visit to that question in *Lawrence v. Florida*, __ U.S. __ (February 20, 2007), and while the factual setting of that case is somewhat different than this, the accumulation of Supreme Court decisions is revealing. *See Carey v. Saffold*, 536

U.S. 214 (2002); *Clay v. U.S.*, 537 U.S. 522 (2003), and *Pace v. DiGuglielmo*, 544 U.S. 408 (2005).

There is no question that this petitioner might be entitled to some benefit under *Houston v. Lack,* 487 U.S. 266 (1988), but given the other circumstances in this case, such is unlikely. This petitioner's conviction was final on April 6, 1998 when his time for seeking certiorari had expired after his direct appeal. *See Griffith v. Kentucky*, 479 U.S. 314 (1987). This petitioner had one year from April 6, 1998, to file for relief under 28 U.S.C. §2254. This petitioner filed for post-conviction relief in the state trial court on June 7, 2002. As indicated by the Attorney General of Indiana, that petition might have tolled the statute of limitations for seeking federal review under §2254, but by the time it was filed, the period for filing a federal petition under §2254 had expired. According to the Attorney General, this petitioner had accumulated three years and 62 days of post-AEDPA delay. A review of the relevant record before this court including the two opinions of the Court of Appeals of Indiana would appear to belie any meritorious basis for relief under 28 U.S.C. §2254, but this court does not here and now bottom a decision on the merits and only deals with the issue of the statute of limitations. What it does do is to grant dismissal on the basis of noncompliance with the time provisions of 28 U.S.C. §2244. **SO ORDERED**.

**DATED:** March 15, 2007

S/ ALLEN SHARP
**ALLEN SHARP, JUDGE**
**UNITED STATES DISTRICT COURT**
